1  MARK RAVIS [SBN: 137496]
   LAW OFFICE OF MARK RAVIS
2  2500 Broadway, Suite 125
   Santa Monica, California 90404
3  Telephone: 424-238-4335
   Fax: 310-388-5251
4
5  Attorney for Plaintiff, M█████ R████
6
7
8
9

FILED
CLERK, U.S. DISTRICT COURT
JAN 10 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

CV 14 - 0248 PA (AGRx)

10
11  M█████ R████, by and through his
    Guardian ad Litem, MARK RAVIS,
12
                Plaintiff,
13
    vs.
14
    CALIFORNIA INTERSCHOLASTIC
15  FEDERATION LOS ANGELES
    CITY SECTION, and DOES 1 TO 10,
16  Inclusive,
17
                Defendants.
18

CASE NO:

COMPLAINT TO ENJOIN
ENFORCEMENT OF A
RESTRICTION ON ATHLETIC
PARTICIPATION IN HIGH
SCHOOL

(Jury Trial NOT demanded)

LODGED
CLERK, U.S. DISTRICT COURT
JAN 10 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

19
20                    BACKGROUND
21
    1.    Plaintiff, M████ R████ ("M████"), is a seventeen year-old high school senior at Taft High
22  School ("Taft") in Woodland Hills, California. He is a member of the varsity basketball team at
23  Taft. He transferred to Taft from University High School ("University") in August 2013 for his
24  senior year. The transfer was due to a family move some distance away from University but still
25  technically within the University district. Due to the transfer to a school outside of the
26  University district, M████ was required to sit-out 30 days of the season beginning December 2,
27  ────────────────────────────────────────
                              1
28
    PAID
    JAN 10 2014
    Clerk, US District Court     **COMPLAINT FOR INJUNCTIVE RELIEF**

1  2013 and he has done so with that sit-out period ending on January 2, 2014.

2  2.     Morro expected to play on the Taft basketball team following the sit-out period. However,

3  on January 3, 2014, he was notified that defendant California Interscholastic Federation Los

4  Angeles Section ("CIF") determined that he was ineligible to play the entire season because

5  defendant considered his transfer to Taft to be his second transfer and not his first. [CIF

6  Decision, Exhibit 1; CIF is an organization funded by the Los Angeles Unified School District

7  and responsible for making athletic eligibility determinations]. This decision was conveyed to

8  plaintiff on January 3 even though defendants have had since late September to make an

9  eligibility determination.

10  3.     This late determination effectively deprives plaintiff of his appeal rights as he must notify

11  defendants within fifteen days of his decision to appeal and then defendant has thirty days to hear

12  the appeal. By this time, the basketball season will be over and the entire matter will be moot

13  and plaintiff will have suffered permanent harm.

14  4.     The point of contention with defendant CIF turns on defendant's incorrect characterization

15  of plaintiff's move from Santa Monica High School to University High School in 2011 as a

16  "transfer." At Santa Monica High School, plaintiff was a freshman and played freshman

17  basketball in the 2010-2011 school year. At that time, plaintiff was living with his father

18  (counsel herein) in Santa Monica (a factual finding already made by CIF, Exhibit 1), in the Santa

19  Monica School District, due to a marital separation. Plaintiff's mother was living in Westwood.

20  In the summer of 2011, plaintiff's parents reconciled and plaintiff and his father moved to the

21  Westwood residence. Plaintiff contends this was a valid "move" and not a "transfer" as defined

22  by CIF's own criteria. According to CIF rules, a student is entitled to one transfer which requires

23  a 30-day sit-out. More than one transfer, disqualifies a student from participation for a school

24  year. A student is entitled to an unlimited number of moves without punishment.

25  5.     In June 2013, plaintiff and his family moved to the very northern boundary of the University

26

27                                                   2

28                          **COMPLAINT FOR INJUNCTIVE RELIEF**

1  district, making it easier to attend Taft as University.  Plaintiff had many friends at Taft.  He

2  decided to go to Taft reasonably believing that if he made the basketball team he would be

3  subject to a thirty-day sit-out period as it would be his first transfer, reasonably believing that the

4  move from Santa Monica to Westwood was a "move" and not a "transfer".  In fact, plaintiff gave

5  up a higher basketball status at University by transferring to Taft.  At University, he would have

6  been the senior varsity player, a status that he would not have at Taft even if he made the team.

7  6.     According to CIF rules, a "move" is different from a "transfer" and does not require that a

8  student be penalized in any way in terms of participation in athletics.  Plaintiff contends his

9  entering University was a "move" as defined by the published CIF rules and that his transfer to

10  Taft in August 2013 was his first transfer requiring him to sit out thirty days which he has done

11  and which sit-out period ended on January 2, 2013.  A second "transfer" renders a student

12  ineligible for an entire school year.

13  7.     Plaintiff is a senior in high school and it is of the utmost importance for him to play

14  basketball the remaining few weeks of the season in order to be seen by college coaches who are

15  expecting to see him play.  Precluding him from playing these few weeks would cause permanent

16  damage to his reputation in sports and impair his diminish his college opportunities.  These few

17  weeks may be his last opportunity to obtain a college scholarship.  Several well-known colleges

18  have expressed interest in him for basketball and are waiting to see him play.

19  8.     As noted, defendant CIF had months to make a determination of eligibility but waited

20  until January 3, 2014.  Plaintiff has fifteen days from January 3 to notify CIF of his intention to

21  appeal(and did this on January 9) and CIF has 30 days from that point to conduct an appeal

22  hearing.  By the time the appeal procedure is completed the basketball season will be over, as

23  CIF acknowledges, and M██s will have suffered damage to his reputation and will have lost the

24  opportunity to play before college coaches.

25

26

27  ──────────────────────────────────────────── 3 ────────────────────────────────────────────

28  **COMPLAINT FOR INJUNCTIVE RELIEF**

9.      At the time of Morris' move with his dad from Santa Monica, neither of them were aware
of CIF or any distinction between a move and a transfer.  The move to University High School
and Taft had nothing to do with sports or athletics but was driven by family considerations and
the best interest of Morris who was only fourteen years old at the time.

10.      The receiving high school of a new student athlete is charged with the duty of having the
Athletic Director submit either "move" or "transfer" paperwork to CIF.  The Athletic Director at
University did not do this but instead relied on the basketball coach to do it.  The coach
apparently submitted a "transfer" form instead of a "move" form.  The former is much easier to
do and does not require documentation.  The University coach never inquired of Morris or his
dad the circumstances of moving to University and never attempted to establish facts to support a
"move" or a "transfer", nor did he explain the difference between a move and a transfer.  Morris
and his father were unaware of the differences between a move and transfer and were unaware
that different forms were required or that even any form was required.

PARTIES

11.      Plaintiff Morris Ravis is a minor [DOB: 06-27-96] and a resident of Los Angeles County.
He is bringing this action through his father, Mark Ravis, who applies to serve as his Guardian ad
Litem and who is an attorney duly licensed by the State of California.

12.      Plaintiff Mark Ravis is the father and natural guardian of Morris Ravis, a minor, who is
currently a student at Taft High School in Woodland Hills, California.  Plaintiffs Mark Ravis and
Morris Ravis both reside in the City of Los Angeles, County of Los Angeles, State of California.

13.      Defendant California Interscholastic Federation Los Angeles City Section is an entity
organized under the California Department of Education.  It is responsible for determining
eligibility of athletes for participation in secondary school sports in the Los Angeles area.

14.      DOES 1 through 5 are unknown to plaintiff at this time and are so designated by their
fictitious names.  When their identities are ascertained, they will be properly designated with

4

**COMPLAINT FOR INJUNCTIVE RELIEF**

1  their true names.

2  <u>JURISDICTION AND VENUE</u>

3  15.    Plaintiff contends that his Right of Association, guaranteed to him by the First

4  Amendment to the Constitution of the United States (U.S. Const. Amend. I); the Civil Rights

5  Act, 42 U.S.C. §1983.

6  16.    Plaintiff Me⬛⬛⬛ R⬛⬛ is being curtailed from playing basketball by defendant CIF's

7  erroneous application of its regulations and therefore this court has jurisdiction pursuant to 28

8  U.S.C. §1331.

9  17.    Plaintiff Me⬛⬛ R⬛⬛' 42 U.S.C. §1983 rights have been violated by the denial of his

10  Procedural Due Process rights guaranteed to him by the Fourteenth Amendment to the United

11  States Constitution.

12  18.    Plaintiff further contends that defendants are in violation of his right to fulfill his

13  educational experience to his maximum potential, which includes participation in athletics.  This

14  is implicit in all aspects of the Elementary and Secondary Education Act (ESEA), 20 U.S.C.

15  §6301 et seq. Pursuant to ESEA, the Los Angeles Unified School District receives over $2

16  billion dollars annually, part of which funds are used to fund athletic programs and the operation

17  of defendant CIF.

18  19.    Venue is appropriate pursuant to 28 U.S.C. §1391 as the cause of action arose in the City

19  of Los Angeles.

20

21  <u>COUNT ONE FOR INJUNCTIVE RELIEF</u>

22  (Against Defendant CIF)

23  20.    Plaintiffs reallege as if fully set forth paragraphs 1 through 15  hereat.

24  21.    Plaintiff is likely to succeed on the merits of his contention that his move with his father

25  from the Santa Monica School District to the University High School area in the Los Angeles

26

27  5

28  **COMPLAINT FOR INJUNCTIVE RELIEF**

1   Unified School District was a valid residential move and not a transfer, thus making his entry to

2   Taft High School his first transfer and entitling him to the thirty-day sit-out period which he

3   served and which expired January 2, 2014.

4   22.    As this is plaintiff's senior year in high school it is particularly important that he be able

5   to play so that his performance can be assessed by viewing college coaches. Being able to play in

6   the remaining weeks is therefore potentially very important to plaintiff's college opportunities.

7   Being denied this opportunity because he moved with his dad from Santa Monica to Westwood

8   in 2011 unnecessarily and unfairly penalizes him. Further, the CIF rules are sufficiently vague as

9   to fail to inform the public of the criteria necessary to render a residential move a' transfer"

10  instead of a "move."

11  23.    The threatened harm to plaintiff vastly outweighs any ham to defendant CIF. In fact, no

12  harm will come to defendant CIF by plaintiff being permitted to play in his high school

13  basketball games over the next six weeks. Plaintiff requests that a Temporary Restraining Order

14  issue for a shorter time so that he might take advantage of defendant CIF's Appeals Process

15  which could easily be completed on an expedited basis. Defendant will not suffer any financial

16  harm whatsoever by plaintiff's playing basketball until such time as his appeal is heard and

17  decided. It would be unfair to require plaintiff to follow the outlined appeal timelines as the time

18  for the appeal exceeds the remainder of the basketball season. It was defendant CIF that delayed

19  its decision to the point where an appeal would be useless.

20  24.    It is in the public interest that plaintiff be allowed to participate on his high school

21  basketball team during the remaining weeks of the season. This is because the public expects

22  that its tax dollars which are given to schools will be spent to ensure the maximum development

23  of each student in academics, athletics, as well as in other areas of the secondary school

24  experience that lead to character development and prepare youth for the responsibilities of

25  adulthood and citizenship. Participation in team sports and learning the principles of good

26

27                                         6

28                   **COMPLAINT FOR INJUNCTIVE RELIEF**

1   sportsmanship are vital components of the secondary school experience.  Blocking such

2   participation over highly nuanced and incorrect interpretations over local regulations, about

3   which no adequate notice has been given to the public, is contrary to these educational goals and

4   consequently contrary to the public interest.  It also contravenes the letter and spirit of the ESEA

5   and its continued re-enactment and amendment since 1965 and through which funds are

6   distributed to school districts throughout the country, including the Los Angeles Unified School

7   District which in turn funds defendant CIF.

8   25.  Plaintiff Morris Ravis has important basketball games scheduled over the next six weeks,

9   beginning on January 11, 2014, in San Diego.  Without the Court's intervention, he will not be

10  able to participate with his team.

PRAYER FOR RELIEF

12      WHEREFORE, Plaintiff prays for relief as follows:

13      1.  That a Temporary Restraining Order issue enjoining the enforcement of the CIF

14  restriction on plaintiff's participation in basketball at Taft High School for a period of time

15  adequate for the parties to engage in an appeal of defendant's decision issued on January 2, 2014.

16  Dated: January 9, 2014           By: _____

17                                        Mark Ravis, Attorney for
                                          Plaintiff, Morris Ravis

COMPLAINT FOR INJUNCTIVE RELIEF

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Percy Anderson _____ and the assigned Magistrate Judge is _____ Alicia G. Rosenberg _____ .

The case number on all documents filed with the Court should read as follows:

## 2:14CV248 PA AGRx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 10, 2014
Date

By  J.Prado
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x]  Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ]  Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ]  Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**