# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0248 PA (AGRx) | | Date | January 14, 2014 |
|---|---|---|---|---|
| Title | M.R., By and Through His Guardian ad Litem, Mark Ravis v. California Interscholastic Federation Los Angeles Section, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Request for a Temporary Restraining Order[1] filed by plaintiff M.R., By and Through His Guardian ad Litem, Mark Ravis ("Plaintiff") (Docket No. 6). Plaintiff filed his Complaint on January 10, 2014. The Complaint for Injunctive Relief alleges claims against defendant California Interscholastic Federation ("CIF") Los Angeles Section ("Defendant") under 42 U.S.C. § 1983 for violations of his First Amendment Right of Association and his Fourteenth Amendment Procedural Due Process Rights. Additionally, Plaintiff alleges a violation of his right to fulfill his educational experience to his maximum potential pursuant to the Elementary and Secondary Education Act ("ESEA"), 20 U.S.C. § 6301 et seq. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

According to the Complaint, Plaintiff is a seventeen year-old high school senior at Taft High School ("Taft") and a member of the varsity basketball team. He transferred to Taft from University High School ("University") in August 2013, although he still resided within the University district. Plaintiff believed that he was ineligible to play basketball for 30 days beginning December 2, 2013 based on this transfer. On January 2, 2014, Defendant determined that Plaintiff was ineligible to play the entire season, because his transfer to Taft was a second transfer. Defendant found that Plaintiff had transferred from Santa Monica High School to University following his freshman year. Plaintiff asserts that this was a residential move and not a transfer.[2] Plaintiff further alleges that Defendant has had since September 2013 to make an eligibility determination. Plaintiff argues that this delayed

---

[1] A "Request" does not comply with the Local Rules' requirements that requests for relief be by stipulation, ex parte application, or noticed motion. A "Request" is therefore a procedurally improper method for seeking a temporary restraining order. Despite the violation of the Local Rules, the Court has considered the "request" as an ex parte application.

[2] According to Plaintiff, a "move" is different than a "transfer" and does not require that a student be penalized under CIF rules. A student is entitled to one "transfer" which requires a 30 day sit-out. More than one "transfer" disqualifies a student from interscholastic athletics for the school year.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0248 PA (AGRx) | Date | January 14, 2014 |
|---|---|---|---|
| Title | M.R., By and Through His Guardian ad Litem, Mark Ravis v. California Interscholastic Federation Los Angeles Section, et al. | | |

determination effectively deprives him of his appeal rights as Defendant has thirty days from the date the appeal is submitted to hold a hearing. By that time, Plaintiff alleges the basketball season will be over and the entire matter moot.

Plaintiff contends that Defendant has violated his civil rights by restricting him from playing basketball for the remainder of the season. Plaintiff alleges that if he is not allowed to play, the impact will be devastating emotionally as well as depriving him of potential athletic scholarship opportunities. Plaintiff asks that the Court issue a temporary restraining order enjoining the enforcement of the restriction pending an expedited appeal.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (internal citations omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997).

The Court concludes that Plaintiff has failed to show either a likelihood of success or succeeded in raising a serious question on the merits. To establish a claim for the denial of due process, Plaintiff must first establish that he had a liberty or property interest protected by the due process clause. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972); Parks v. Watson, 716 F.2d 646, 656 (9th Cir. 1983) ("A property interest in a benefit protected by the due process clause results from a legitimate claim of entitlement created and defined by an independent source, such as state or federal law." (internal citations omitted)). To establish a section 1983 claim based upon procedural due process, plaintiff must first allege that he has a property interest as defined by state law and that defendants, acting under color of state law, deprived him of that property interest without constitutionally adequate notice. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).

Here, Plaintiff has pointed to no property or liberty interest protected by federal law. "Federal appellate courts have made it clear that a student's participation in interscholastic athletics, like any other extracurricular activity, is not protected by the due process guarantee of the federal Constitution." Ryan v. California Interscholastic Federation-San Diego Section, 94 Cal. App. 4th 1048, 1059-1060

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0248 PA (AGRx) | | Date | January 14, 2014 |
|---|---|---|---|---|
| Title | M.R., By and Through His Guardian ad Litem, Mark Ravis v. California Interscholastic Federation Los Angeles Section, et al. | | | |

(Cal. App. 4th Dist. 2001); see, e.g., Seamons v. Snow, 84 F.3d 1226, 1235 (10th Cir. 1996); Niles v. University Interscholastic League, 715 F.2d 1027, 1031 (5th Cir. 1983); Hebert v. Ventetuolo 638 F.2d 5, 6 (1st Cir. 1981); Denis J. O'Connell High Sch. v. Virginia High Sch., 581 F.2d 81, 84 (4th Cir. 1978). Additionally, the court in Ryan, 94 Cal. App. 4th at 1061, held that neither "the California Constitution nor California statutory law contains any provision that entitles students to an absolute right to participate in . . . interscholastic athletics . . ." so as "to warrant due process protection." See also Bailey v. Clovis Unified Sch. Dist., 2008 U.S. Dist. LEXIS 10347, 14-15 (E.D. Cal. Feb. 11, 2008). Nor does the right to a public education create a property interest in each of its parts. Ryan, 94 Cal. App. 4th at 1062 (participation in interscholastic athletics, standing alone, does not rise to the level of a separate property or liberty interest). The Court concludes that Plaintiff failed to meet his burden to establish a likelihood of success on the merits or to raise serious questions at this preliminary stage of the litigation.

Even if a liberty interest in playing interscholastic athletics exited, Plaintiff was afforded due process. "The base requirement of the Due Process Clause is that a person deprived of property be given an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 984 (9th Cir. 1998) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S. Ct. 1187 (1965)). However, procedural due process does not require that the notice and opportunity to be heard occur before the deprivation. Parratt v. Taylor, 451 U.S. 527, 540, 101 S. Ct. 1908 (1981), *overruled in part on other grounds by* Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662 (1986). Here, an application for residential eligibility under Bylaw 207B5b, first time transfer applying for varsity eligibility with a sit-out period, was submitted to the Section Office on September 16, 2013. Because of the prior transfer information, the athletic director at Taft was notified that Plaintiff did not appear qualified for a first time transfer and would require additional information. In November 2013, Plaintiff's father submitted statements and documents requesting that the original transfer be reclassified as a "move." On January 2, 2014, the Commissioner issued a written decision denying the request. The Commissioner explained that the request did not meet the CIF's criteria. The CIF then has an appeal procedure in which a hearing must be held within 30 business days from the filing of the appeal. Plaintiff received constitutionally adequate due process when he received notice, an opportunity to be heard and a statement of the reasons for the decision. The Constitution does not require more.

Additionally, Plaintiff has not established that he is likely to suffer irreparable harm. Plaintiff provides minimal evidence of irreparable harm. In addition, it is not clear how missing the remaining six weeks of the basketball season will irreparably harm Plaintiff such that he could not be made whole through money damages. The possibility of obtaining an athletic scholarship is not sufficient to show irreparable harm based on this record. Here, the acquisition of a scholarship is speculative and contingent upon more than just obtaining playing privileges. For instance, a scholarship is often based on availability of the scholarship, the student's excelling during season, meeting certain academic requirements, staying healthy, and overcoming competitors for the same scholarships that are awarded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-0248 PA (AGRx) | | Date | January 14, 2014 |
|---|---|---|---|---|
| Title | M.R., By and Through His Guardian ad Litem, Mark Ravis v. California Interscholastic Federation Los Angeles Section, et al. | | | |

based on a coach's discretion. See Ryan, 94 Cal. App. 4th at 1064-1065. Consequently, the possibility of earning an athletic scholarship is too speculative on this record to establish irreparable harm.

Furthermore, Plaintiff has failed to show that a temporary restraining order is in the public interest. Plaintiff alleges that it is in the public interest for him to be allowed to participate on his basketball team because tax dollars are given to schools with the expectation that the money will be spent to ensure the maximum development of each student in academics, athletics, and other areas of the secondary school experience. Based on that rationale, promoting equitable and sportsmanlike competition in student athletics is also in the public interest. CIF's eligibility rules and resulting decisions are intertwined with its goal of obtaining fairness in competition between and among all schools in the state. See Ryan, 94 Cal. App. 4th at 1074. Plaintiff has not established that an injunction is in the pubic interest.

Plaintiff's additional claims for violation of his First Amendment right of association and violation of his rights pursuant to the ESEA similarly lack sufficient evidence and fail to show a probability of success on the merits.

Accordingly, the Court denies Plaintiff's request for temporary restraining order.

IT IS SO ORDERED.